# EVIDENCE—FRAUDULENT CONVEYANCE—HUSBAND AND WIFE.

[Hamilton (1st) Circuit Court, 1909.]

Giffen, Smith and Swing, JJ.

### EDWARD H. VAN INGEN v. GUS J. PETERSON ET AL.

BURDEN OF PROOF RESTS ON PLAINTIFF IN ACTION AGAINST HUSBAND AND WIFE TO SET ASIDE FRAUDULENT CONVEYANCE BUT LESS EVIDENCE IS REQUIRED TO RAISE PRESUMPTION IN HIS FAVOR.

The relation of husband and wife does not shift the burden of proof resting upon plaintiff in an action to subject to payment of the husband's debts property conveyed to his wife, but, the defense being susceptible of direct and positive proof peculiarly within the knowledge of defendants, less evidence is required to raise a presumption or establish a *prima*

Van Ingen v. Peterson.

*facie* case in favor of plaintiff; hence, notwithstanding absence of direct evidence that the husband paid the purchase price of such property with his own money, circumstances of fact and admission of evidence of the wife's previous, conflicting statements concerning the use of her money in the purchase thereof, may raise the presumption of the husband's purchase which will require evidence of the wife to rebut; and the fact, that in face of such presumption she remains silent during the trial, is sufficient to sustain a decree against her.

APPEAL from Hamilton common pleas court.

C. B. Wilby, for plaintiff.

C. W. Baker and Thorne Baker, for defendant.

GIFFEN, J.

The plaintiff avers that the real estate described in the petition was purchased by the defendant, Gus J. Peterson, and the title taken in the name of his wife with intent to hinder, delay and defraud his creditors.

The burden of proof rested upon the plaintiff and did not at any time by reason of presumptions in his favor, or by a *prima facie* case made, shift upon the defendants.

In *Klunk* v. *Railway*, 74 Ohio St. 125 [77 N. E. Rep. 752], the third proposition of the syllabus is as follows:

"The rule is that he who affirms must prove, and when the whole of the evidence upon the issue involved leaves the case in equipoise, the party affirming must fail."

There is no good reason why the rule thus stated should not apply to a case of this kind, although the relation of husband and wife may with less evidence raise a presumption or establish a *prima facie* case in favor of plaintiff.

It is seldom possible to prove a conveyance to be fraudulent by other than circumstantial evidence, and yet the defense is susceptible of direct and positive proof, peculiarly within the knowledge of the defendants.

While some of the cases seem to hold that the burden of proof is cast upon the defendant wife, yet they really go no further than the above stated rule, and only require her to meet the case made by plaintiff's evidence.

The insolvency of the husband, his relation to the purchase and subsequent management of the property, called for an explanation by the wife which she attempted to give in her examination before a notary public, at another time before a referee in bankruptcy, and at the trial of this case in the court of common pleas.

The plaintiff offered at the trial in the court her declarations thus

made for the purpose of showing the improbability of her claim, that at the time of the first purchase she had $1,000 in currency which she had earned and saved before her marriage and carried on her person or kept in bureau drawer for several years. Neither the husband or the wife testified in this court; but his declarations were offered by the plaintiff.

It is claimed by counsel for the defendants that plaintiff is bound by the declarations thus offered whether for or against him.

The true rule, however, would seem to be as stated in the case of *Bearss* v. *Copley,* 10 N. Y. 93:

"Where the declarations of a party are proved against him, what he says in his own behalf at the same time is competent, but not conclusive evidence in his favor."

In this case Mrs. Peterson's testimony that she had $1,000 in currency, and where and how long she kept it, was offered for the very purpose of showing by her own declarations its improbability and inconsistency.

Her failure to testify in this hearing, although present, gave additional force to her former contradictory and inconsistent statements, to wit:

First. That the cash payment was $300, and subsequently when the receipt was found, that it was $100.

Second. That her husband did not know that she had the $1,000 until the purchase was made, and yet before that time her husband had scolded her for leaving the money in her room.

Third. That although she had $1,000 in currency, which was earning nothing, she made a cash payment of only $100 and gave interest bearing obligations for the rest of the purchase money.

It is true as claimed by counsel for defendants that there is no direct testimony that the husband paid the purchase money out of his own means, but the circumstances are such as have in like cases been held to raise a presumption that it was so paid.

It works no hardship to the defendant wife to require her to rebut this presumption, and we are constrained to hold that she has failed to do so, although the evidence for that purpose, if available at all, was within easy reach.

Decree accordingly.

**Smith** and **Swing, JJ.,** concur.